# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/18/2020
CT Log Number 538768969

**TO:**   Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T502
Minnetonka, MN 55343-9693

**RE:**   **Process Served in Texas**

**FOR:**   Healthmarkets Insurance Agency, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD M. ZELMA, etc., Pltf. vs. HEALTH MARKETS LLC, etc., et al., Dfts. // To: HEALTHMARKETS INSURANCE AGENCY, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # BERL00769020 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/18/2020 at 01:54 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/18/2020, Expected Purge Date: 01/17/2021<br><br>Image SOP<br><br>Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 18, 2020

**Server Name:** Eric Harris

| | |
|---|---|
| Entity Served | HEALTHMARKETS INSURANCE AGENCY, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | L-007690-20 |
| Jurisdiction | TX |



# SUMMONS

Attorney for self; Richard M. Zelma
Office Address; 940 Blanch Avenue
Town, State, Zip Code; Norwood NJ
Telephone Number [201] 767 8153

Attorney for SELF

Richard M. Zelma
940 Blanch Ave.
Norwood NJ 07648
      Plaintiff

        vs.

Health Markets llc a/k/a Health Markets
Insurance Agency, Inc. and Daron Robertson
and Broadpath Inc., n/k/a Broadpath, llc,
a/k/a Broadpath Health Care;
     Defendant(s)

**Superior Court of**
**New Jersey**
**Bergen County**
**LAW DIVISION**
**Docket No: - L-007690-20**

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Clerk of the Superior Court

DATED: 12.14.2020

Defendants & Address to Be Served:

**HealthMarkets**, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201

**Daron Robertson and** his company **BroadPath;** Serve both upon Robertson at; 6400 E. Grant Rd. STE 350, Tucson, AZ, 85715.

Batch 600
12-7-20
$250
CT # 101806127

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **PLAINTIFF** <br><br> **RICHARD M. ZELMA,** *pro se* <br><br> **VS** <br><br> HEALTH MARKETS LLC; a/k/a HEALTH MARKETS INSURANCE AGENCY, INC. a/k/a, d/b/a INSPHERE INSURANCE SOLUTIONS, INC. ; AND <br><br> DARON ROBERTSON; AN INDIVIDUAL, AS OWNER, PRESIDENT and/or MANAGING PARTNER of BROADPATH INC.; AND <br><br> BROADPATH INC., n/k/a BROADPATH, LLC, a/k/a BROADPATH HEALTH CARE; AND <br><br> TELEMARKETER[S] CALLING FROM RANDOM SPOOFED NUMBERS INCLUDING LOCAL (201) SPOOFED NUMBERS, AND DOES' (1-10 AND ABC CORPORATIONS' (1-10); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP. <br><br> DEFENDANTS' | **SUPERIOR COURT OF** <br><br> **NEW JERSEY** <br><br> **BERGEN COUNTY** <br><br> **LAW DIVISION** <br><br> DOCKET NO.: BER-L- <br><br><br> <u>**CIVIL ACTION**</u> <br><br><br> **COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES; TREBLED DAMAGES; STATE LAW DAMAGES AND; PERMANENT INJUNCTIVE RELIEF** |

-1-

## I. INTRODUCTION

Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendants' says as follows:

1.     This suit is brought pursuant to applicable authorities; 47 U.S.C. §§227(b)(1)(A)(iii);(b)(3)&(c)(5) (TCPA) and N.J.S.A. §56:8-130 *et seq*, which prohibit the initiation of unsolicited marketing (robo) calls made by telephone; whether live, prerecorded, made through an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS), (hereinafter; "dialer's" or "manually dialed"); that were initiated to a telephone connected to a cellular network or a land-line, where the 'called' numbers were listed and registered with the federal and (NJ) State no-call-list to avoid receiving unwanted telemarketing solicitations of any kind.

2.     As set forth herein, the Defendants repeated calls, made to Plaintiff's home, violated the peace and solitude of his home by harassing his household and violating federal and state no-call laws.

## II. PARTIES

3.     Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

4.     Upon information, understanding and belief, Defendant

-2-

Health Markets (Hereinafter, "HealthMarkets" or "Defendant") is an entity providing insurance plans to individuals in New Jersey and throughout the US.

5.      Upon information and belief, HealthMarkets relies on marketing companies to provide prospects for its business.

6.      HealthMarkets may be served upon its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7.      Upon information and belief, Defendant BroadPath LLC. ("BroadPath") is believed to be a telemarketing entity using work-from-home individuals in other select country's to initiate the subject calls of this law suit.

8.      BroadPath may be served upon its registered agent, Corporate Creations Network Inc., 3260 N. Hayden Road #210, Scottsdale, AZ 85251,

9.      On information and belief, Defendant Daron Robertson ("Robertson") is the owner and managing member of BroadPath, making the day-to-day decisions for his company.

10.     Robertson may be served with service at 6400 E. Grant Rd. STE 350, Tucson, AZ, 85715.

11.     Defendant Does' and ABC corporations' identities are currently unknown to Plaintiff and such parties will be identified as that information becomes available.

-3-

## III. <u>JURISDICTION AND VENUE</u>

12.     The facts giving rise to this complaint had their primary effect in the County of Bergen, State of New Jersey.

13.     This Court has specific jurisdiction under <u>N.J.S.A.</u> §§56:8-19; 119 & 130; <u>N.J.A.C.</u> §13:45 D *et seq*, where Defendants and each of them engaged in substantial, continuous and systematic activities by repeatedly initiating prohibited autodialed calls (robo-calls) into New Jersey, within this County, to Plaintiff, a resident whose New Jersey phone numbers are registered with the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

14.     This Court has general jurisdiction under authority of the TCPA, 47 <u>U.S.C.</u> §§227(c); 47<u>C.F.R.</u>§64.1200(c)(2)(i); 16 <u>C.F.R.</u> §310.4(b)(3)],<u>47</u> C.F.R. §64.1601(e) as promulgated under 47 U.S.C. §227(C); 47 U.S.C. §227(b)(3)(C); in that the Defendants and each of them, repeatedly, knowingly or willfully violated those proscriptions and repeatedly called and solicited Plaintiff.

15.     At the time of their calls, the Defendants, through their agents, contractors or employees, alleged to have registered with the State of New Jersey as a business; alleged to be domiciled in New Jersey as a business; alleged to be licensed in New Jersey as a business

-4-

to offer their products or services and therefore at the time of their calls, they were believed to be situated in and residents of the Forum State.

16.     As further set out below, the defendant's and each of them made a conscious decision to purposely direct their prohibited activities into the Forum State, towards Plaintiff, deliberately, willfully or knowingly calling his telephones, having no concern his numbers were registered on the federal and State no-call-list, annoying his household in the course of unlawfully soliciting their services for their own financial gain.

## IV.     ACTS OF AGENTS

17.     Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set-forth herein as prohibited or unlawful, it is meant the Defendant[s] and each of them, performed, caused to be performed and/or participated and engaged in the act[s] and/or; that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], consciously, knowingly or willfully performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the other Defendant[s] and each of them, under Agency.

18.     When alleged the Defendants committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, independent contractors or employees, subsidiaries, or affiliates, committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, understanding   or approval of the other Defendants, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants of the employees business.

## V.     FACTUAL BACKGROUND
### THE CONTINUED CALLS;
### IDENTIFYING THE CALLERS

19.     Plaintiff's phone numbers, [201] 767 8153 & 8154 are listed with the Federal Trade Commission's national do-not-call Registry, at the commencement of that list, October 1, 2003 and remain on that list to this day. [16 C.F.R. §310 et seq]

20.     Plaintiff's phone numbers, [201] 767 8153 & 8154 were simultaneously placed on the NO-CALL list adopted and administered by the State of New Jersey at the commencement of that list, May 17, 2004 and remain on that list to this day.  [N.J.S.A. §56:8-119]

21.     Commencing on or about July 16, 2020, Plaintiff started receiving calls made to his two (2) land-line phones, later identified as the defendants.

-6-

22.     Upon answering each call, an audibly recognized sound of an automatic dialing device was heard, later confirmed by the callers as the method they use to initiate the subject calls.

23.     The callers, all male individuals with barely intelligible heavy foreign accents, would greet plaintiff claiming to be from US Health Savings, Care or Services.

24.     As set-forth above, on (July 16, 2020), Plaintiff received and answered an incoming call to his 8154 number.

25.     After hearing the transfer sound from an automatic dialing device, Plaintiff was greeted by Mark, claiming to be with US Health-Care.

26.     Mark claimed he could save Plaintiff money on health insurance as well as final expense insurance.

27.     After asking Plaintiff one or two brief health related questions, he claimed Plaintiff was qualified to receive a call from their licensed insurance agent.

28.     As conversation continued and Plaintiff questioned the caller as to what company was the insurer, who was the licensed agent, etc, Mark changed his story being from US Health Care to calling on behalf of Health Markets, offering medical and final expense insurance.

29.     After requesting more detailed information about the name and location of the company offering such insurance, Mark claimed he

-7-

was not permitted to give that information out, but, when their licensed insurance agent called plaintiff to discuss their insurance programs, "he" will give plaintiff all that information.

30.    Mark was told not to call again and that Plaintiffs numbers were on the no call list, but with no response, Mark simply hung up.

31.    Plaintiff never had a business relationship with any of the defendants.

32.    Plaintiff never inquired about the defendants products or services.

33.    Plaintiff never had any contact of any kind with any of the Defendants until receiving, responding to and answering their unwanted prohibited calls.

34.    Prior to their first call, Plaintiff never heard of the defendants.

35.    Plaintiff does not need or want the defendants' products or services.

36.    Plaintiff never invited or provided either or any of the Defendants express written consent to solicit him by telephone.

37.    Plaintiff never provided either or any of the Defendants his residential phone numbers.

38.    Plaintiff received and answered each of the unlawful calls at issue, identified as being from, by or on behalf of the named

-8-

defendants.

39. After receiving additional calls, substantially similar in nature to those addressed above and not being able to stop them, Plaintiff elected to feign interest in hopes that would close the gap identifying the entity behind the calls.

40. On or about November 3, 2020, plaintiff received and answered an incoming call from a local number, later found to be spoofed.

41. The caller, "Daniel", first claimed to be with US Health Care, Senior Benefits Division, asking Plaintiff if he had Medicare.

42. Plaintiff acknowledged in the affirmative where Daniel proceeded to vaguely describe the purpose of his call, asking some health related questions while Plaintiff claimed to feign interest.

43. When asked who the insurer was, Daniel identified (Defendant) Health Markets.

44. Daniel asked Plaintiff to confirm the spelling of his last name. Instead, Plaintiff provided a specific pseudonym.

45. Daniel asked for a "good" phone number to have their licensed insurance agent call, Plaintiff provided his VoIP line, totally unrelated to his land-lines.

46. On November 7 through November 11, 2020, Plaintiff started receiving incoming calls to his VoIP line which ends in 8922.

47.     The incoming numbers were identified as [866] 302 0099 and [866] 866 9312. The callers did not leave a message.

48.     Plaintiff returned calls to both numbers where an automated attendant greeted those calls with "Thank you for calling HealthMarkets".

49.     Following several voice prompts, plaintiff was able to reach various live agents at those two numbers, questioning those agents for the actual callers true identity, which was revealed as HealthMarkets or HealthMarkets HealthCare.

50.     Plaintiff questioned the callers on that name since the numbers were run and found to belong to BroadPath.

51.     The agent[s] then changed their answer[s] to say they work with HealthMarkets, some even claimed to be part of HealthMarkets.

52.     After a few questions, it was freely disclosed they were BroadPath Health, where those agents claim the two numbers are set aside for their client HealthMarkets.[1]

## VI.     THE SOLICITATION SCHEME

53. Upon information and belief, Defendant BroadPath, markets itself as a work-from-home employer who specializes in the field of

---

[1] The calls made to Plaintiff's VoIP line were invited and therefore not a part of this dispute.

-10-

health care.

**54.** The BroadPath Health website, <u>WWW.BROAD-PATH.COM</u> describes hiring off-shore individuals to work from home and initiate calls to health care prospects.

**55.** In reality, BroadPath employs individuals, especially in off-shore locations, as <u>independent contractors</u>.

**56.** BroadPath provides the tools necessary for those people to initiate calls into this country, to solicit individuals by telephone and interest those individuals in health insurance. Hence, the sales lead.

**57.** Once the person targeted by the caller expresses interest, BroadPath then sells that lead to HealthMarkets.

**58.** In this venture, the defendants make use of Predictive Dialers, programed to dial either random or sequential numbers in a specific area code.

**59.** Evidenced by the fact the defendants also dialed Plaintiffs non-listed fax line, (8154) demonstrates their actions are similar to War Dialing, using a computer to dial random numbers, seeking a working phone line.

**60.** Therefore, the defendants motive was to solicit anyone who answered their calls, even if it were a child.

**61.** During each of their telemarketing calls, the foreign agent[s] would read from a carefully orchestrated script, identifying themselves

-11-

only as US Health Care, a non-existent health organization. Only if interest in the product was feigned, the caller will say that a licensed agent from Health Markets would call back.

## VII.   FACTUAL ALLEGATIONS BEHIND THE CALL PROCESS

62.     The named defendant's and each of them, either contract with, employ, operate or control off-shore call-centers or individuals to initiate the subject calls. (The DOE defendants) *Id.*

63.     The purpose for using this procedure is to qualify the intended recipient for the products being offered, before the lead is sold to the client, Defendant HealthMarkets.

64.     Based upon the callers accents, they are believed to be located in Indonesia, India or Philippines.

65.     The Doe defendants initiate the calls to individuals; **1)**, spark interest in lowering health-care bills, **2)**, qualify the called parties such as non-smoker, etc., in the product, **3)**, establish the called parties information, name, phone number, etc, and **4)**, to insulate the named defendants from liability by refusing to identify them at the initiation of each call, while required by law to do so and instead, use a false name in the course of the call[s], **5)**, The defendants unlawful scheme was designed to hold the called parties hostage to the unwanted calls,

-12-

refusing to identify themselves until and unless the called party agreed to be contacted by their licensed agent.

66.     The Defendants caller then advises the target that "someone from the insurance company", a licensed agent will call within the next 24 hours or within a few days.

67.     As the calls ensued, Plaintiff asked the agent callers if they subscribe to the federal no call list.

68.     Rather then answer the question, the caller would ask; "you don't want to receive these calls"? And would immediately hang up!

69.     However, while Plaintiff made it explicitly clear to these foreign agents that he did not want these calls, the calls continued on Plaintiffs two landlines.

70.     It was only after Plaintiff feigned interest, where he received the true identity of the callers, where the BroadPath agents were asked how both entities were affiliated.

71.     Plaintiff was told that BroadPath provides health-care leads to HealthMarkets who in turn market health care plans for several insurance companies.

72.     Plaintiff made several attempts to reach management at BroadPath to discuss the issue but was unsuccessful. All phone calls and emails were ignored. When any live agents were asked for help, plaintiff was told; "this is a very large company, we can't help you!"

-13-

73.     Plaintiff made contact with in-house counsel for HealthMarkets, David Thompson.

74.     After presenting Thompson with sufficient information identifying both parties, Thompson stated he would look into the matter.

75.     Considering the severity of violations and significant liability, Thompson said he would investigate but didn't seem all that concerned.

76.     As time passed, Plaintiff had to 'prod' Thompson for an update. His responses were always evasive, non productive and offered no help in resolving the matter.

77.     When Thompson was told that BroadPath gave-him-up, he immediately went to defense number one, some other party did it!

78.     Thompson never denied the relationship between HealthMarkets and BroadPath but carefully avoided naming them, instead providing names of non-existent entities as the impersonators.

79.     The act by Thompson, claiming an impersonator was involved while his co-hort, BroadPath basically admitted to the calls, was purposely designed to delay and hinder the investigation of Plaintiffs research into the unlawful calls.

80.     The Defendants willfully or knowingly permitted outside entities, employees, affiliates, call-centers and independent contractors to solicit Plaintiff even though they do not and did not subscribe to the

FTC no-call registry as required by law while said entities were under their employment, direction or control.

81.     The defendants knew their acts or practices would lead to continued unwanted calls which were prohibited by law; where they had the authority to control those prohibited acts or practices, but chose not to do so.

82.     As complained of herein, the Defendant's gross negligence and reckless disregard for the law, knowingly implementing their unlawful acts, violated the TCPA as well as the New Jersey no-call-law.

83.     A copy of Plaintiffs Call Detail Report, (CDR) provided by his carrier is attached herewith and made a part hereof as Plaintiffs [EXHIBIT 1-A & B].

## IX. THIS COURT'S POWER TO GRANT RELIEF

84.     47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects both Plaintiff.

85.     Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

86.     Accordingly, Plaintiff has a cause of action against the

Defendants and each of them and hereby seeks relief under the TCPA's
Strict Liability statutory damage award as well as Permanent Injunctive
Relief pursuant to the foregoing, against the Defendants and each of
them.

## X.  COUNT ONE
### PROTECTION OF SUBSCRIBER PRIVACY RIGHTS
### VIOLATIONS OF 47 U.S.C. §227(c)

87.      Plaintiff repeats, re-alleges and incorporates by reference,
Paragraphs one through eighty-six as if set forth in full at length.

88.      On the dates and times set forth herein, Plaintiff received
and answered a total of **20 calls** initiated from the Defendants to his
residential telephone [land-line] number[s] [201 767 8153] and 8154.

89.      The defendants initiated those calls and solicited Plaintiff
Twenty (20) times between July 16, 2020 and November 3, 2020,
evidenced by Plaintiffs CDR from his carrier. *Id.*

90.      The Defendants knowingly or willfully, unlawfully
solicited Plaintiff, whose phone numbers were registered on the FTC's no
call list since inception.

91.      Upon information and belief, the Defendants did not
register and subscribe to the do-not-call list from the FTC as required by
law.

92.      Upon information and belief, the Defendants did not scrub
Plaintiff's phone number as required by law.[47 C.F.R.§64.1200(c)(2)(i);

-16-

16 C.F.R. §310.4(b)(3)].

93.     Upon information and belief, the Defendants agents are not trained to take a do-not-call request. *Id.*

94.     Upon information and belief, the Defendants agents refused to record Plaintiff's company specific do-not-call request.

95.     Upon information and belief, the calling agents were instructed by the named defendants not to disclose their true identity.

96.     The defendants' repeat calls gives rise to a cause of action against each of them under authority of 47 U.S.C. §227(c)(5) as well as the Regulations promulgated thereunder.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the Twenty (20) calls material to Count One for a total of Ten Thousand Dollars ($10,000.00).

### XI.   COUNT TWO
### ENGAGING IN PROHIBITED ACTIVITY
### VIOLATION OF 47 C.F.R. §64.1601(e)
### AS PROMULGATED UNDER 47 U.S.C. §227(C)

97.     Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety-six as if set forth in full at length.

98.     The defendants Twenty (20) robo-calls were initiated using spoofed numbers and without transmitting a valid name which therefore

constitutes [a violation] of 47 C.F.R. §64.1601(e) as promulgated under 47 U.S.C. § 227(c).[2]

99.     The defendants knowingly and purposely spoofed their number, sending inaccurate or false Caller ID information, or at times, no information, for the sole purpose to hide their identity or mislead the called party as to who was calling, while wrongfully obtaining the value of deception, forcing the called party to answer their calls.

100.     The Defendants purposeful use of inaccurate Caller ID or in the alternative, no caller ID, caused concrete harm by violating the law, peace and solitude of plaintiff's privacy.

101.     The defendant's purposeful use of inaccurate Caller ID or failing to provide any caller ID was a deliberate attempt to wrongfully obtain something of value for their own financial gain.

102.     The defendants initiated their calls, devoid of factual and actual identification, in defiance and in violation of the Truth in Caller ID Act of 2009 to which such violation thereto, was declared by President Obama to be a crime.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability for a separate cause of action for

---

[2] 47 C.F.R. § 64.1601(e) requires every telemarketing call to transmit either the telemarketer or seller's name, and to transmit a phone number which a consumer could call back to request placement on the do-not-call list.

statutory damages of $500.00 for each of the Twenty (20) calls material to Count Two for a total of Ten Thousand Dollars ($10,000.00).

### XII.   COUNT THREE
### AWARD FOR STATUTORY TREBLED DAMAGES
### FOR WILLFUL OR KNOWING VIOLATIONS OF
### THE TCPA, 47 U.S.C. §227(b)(3)(C)

103.     Plaintiff hereby incorporates all of the allegations of paragraphs one through one-hundred two as if set forth in full at length.

104.     Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). *Id.*

105.     The Defendants knowingly or willfully violated the TCPA as well as the N.J. no-call-law when they resorted to 'robo' call and solicit Plaintiff as set forth above, purposely spoofing caller ID and initiated their calls to Plaintiff without prior express written consent to do so.

106.     As set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense and misrepresentation in connection with Caller ID and their telemarketing solicitations. *Id.*

107.     As set forth above, the defendants knowingly solicited into New Jersey while not being registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs. *Id.*

108.     On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him using false pretense, knowing they would be calling numbers on the federal and state no-call-list but chose to call anyway, which they did.

109.     The defendants foregoing wrongful acts were knowingly made with false claims of being a licensed health care provider.

110.     The defendants foregoing acts or practices as set forth above, were known, directed, accepted and approved prior to implementation by the Defendants and each of them in their capacity as owner[s], director[s], attorneys, marketers or managing member[s] and through Agency for each of the other defendants.

111.     The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement, in that it defines willful conduct as *"the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

112.     The defendants knew their intentions to solicit plaintiff by telephone would violate the TCPA as well as New Jersey's no-call law, but they knowingly chose to initiate their unlawful calls anyway.

113.     The Defendants and each of them knowingly or willfully violated the TCPA; **47 U.S.C.§227** which provides strict liability by

-20-

statute, for Plaintiff to receive trebled damages, for each count and every violation within each such call identified within this complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

Award Plaintiff trebled the strict liability statutory TCPA damages of Counts One and Two as authorized under this section for a total of Sixty Thousand Dollars. **$60,000.00.**

### XIII. COUNT FOUR
### ENGAGING IN PROHIBITED ACTIVITY
### PURSUANT TO N.J.S.A. §56:8-119/ N.J.A.C. §13:45 D *et seq*

**114.** Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through one-hundred thirteen above as if set forth in full at length.

**115.** Plaintiff received and answered Twenty **(20)** telemarketing calls from the Defendants with their intent to encourage the purchase or rental of, or investment in their products or services.

**116.** The Defendants did not register their intent to solicit into New Jersey with the Department of Law and Public Safety as required by State law.

**117.** The Defendants did not purchase a no-call-list from the New Jersey Division of Consumer Affairs for New Jersey residents who do not want to receive telemarketing calls. N.J.A.C. §13:45D-3.1/ N.J.S.A. §56:8-121(3)(a).

-21-

118. The Defendants did not scrub Plaintiff's number from their calling list as adopted under the federal standard which requires "scrubbing" the "do-not-call" list no more than 31 days prior to the date that any call is made and mirrored under **N.J.S.A.** §56:8-127.

119. The Defendants agents did not record Plaintiff's company specific do-not-call request.

120. The Defendants agents refused to record Plaintiff's company specific do-not-call request.

121. The Defendants and each of them did not train their agents in the use of a no-call-list.

122. The Defendants Acts are subject to Violations prescribed under N.J.S.A. §56:8-132.

123. The Defendants acts violated the proscriptions defined under N.J.A.C. §13:45D-4.1 *et seq*.

124. The defendants calls to Plaintiff as defined herein, give rise to a separate cause of action, pursuant to N.J.A.C. §13:45D-4.6, and the remedial provisions afforded Plaintiff under N.J.S.A. §§56:8-13 & 56:8-14.3, in addition to the separate cause of action under the federal TCPA as set-forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

-22-

Allow Plaintiff to leverage damages against a surety bond if deposited by the defendants. Pursuant to N.J.S.A. §56:8-126; The bond shall be filed or deposited with the director for the use of any person who is damaged or suffers any loss for any violation of this act. Any person claiming against the bond may maintain an action at law against the surety or director, as the case may be.

Plaintiff sustained statutory damages pursuant to federal and New Jersey State law. Plaintiff is entitled to seek applicable damages for violations to the New Jersey CFA which embodies the States No Call Law. Plaintiff seeks an award This Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that This Court:

(a)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **20 calls** made in violation of the regulations prescribed under **47 U.S.C. §227(c)** material to Count One for a total of $10,000.00.

(b)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **20 calls** made in violation of the regulations prescribed under 47 C.F.R. § 64.1601(e) material to Count Two for a total of $10,000.00.

(c)     Award Plaintiff **trebled damages** for the series of prohibited calls willfully or knowingly made, defined under (Count

-23-

Three) **47 U.S.C.** §227(c)(5) and the Communications Act of 1934, administered by the FCC for the **20 call** violations addressed in Counts One and the 20 **separate call** violations addressed in Count Two for a total of $60,000.00.

(**d**)     Award Plaintiff an appropriate award for damages sustained as defined within the New Jersey Consumer Fraud Act **N.J.S.A. §§56:8-19 & 56:8-132** for the **20 calls** material to Count Four; or alternatively, award Plaintiff damages against the 'bond' required under **N.J.S.A.** §56:8-126 for an amount deemed appropriate by The Court.

(**e**)     Award Plaintiff fees and costs associated with the filing and prosecution of this litigation, pursuant to **N.J.S.A.** §56:8-19

(**f**)     Award Plaintiff attorney fees *if applicable*, pursuant to **N.J.S.A.** §56:8-19

(**g**)     Award Plaintiff Permanent Injunctive Relief pursuant to 47 **U.S.C.** §227(b)(3)(A)

(**h**)     Award Plaintiff any Other Equitable Relief This Court deems justified to stop the defendants telemarketing defined and described herein.

(**i**)     Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

-24-

(j)       Plaintiff reserves the right to amend the within pleading, should additional information be discovered that relates to the within matter.

Respectfully submitted,


By:_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: December 7, 2020


## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated.  No other parties should be joined in this action.


By:_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: December 7, 2020


-25-

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A.* *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: December 7, 2020

-26-



Optimum Voice Call History

**Optimum Voice Call History Details for (201) 767-8153**
**Date Range 08/10/2020 - 08/10/2020 (selected rows)**
Total Number of Minutes: 13:39
Total Number of Calls: 9

| # | Date & Time | Type | Number | Location | Mins. |
|---|---|---|---|---|---|
| 1 | 08/10/2020 05:24 PM | Inbound | (201) 231-4125 | Rutherford, NJ | 4:49 |
| 2 | 08/10/2020 05:14 PM | Inbound | (251) 278-0034 | Fairhope, AL | 0:12 |
| 3 | 08/10/2020 05:14 PM | Missed | (251) 278-0034 | Fairhope, AL | 0:00 |
| 4 | 08/10/2020 04:56 PM | Inbound | (201) 930-8220 | Park Ridge, NJ | 4:35 |
| 5 | 08/10/2020 04:13 PM | Inbound | (201) 817-9414 | Teaneck, NJ | 0:17 |
| 6 | 08/10/2020 03:27 PM | Inbound | (908) 280-9167 | Fanwood, NJ | 0:33 |
| 7 | 08/10/2020 03:12 PM | Inbound | (201) 829-5161 | Westwood, NJ | 0:17 |
| 8 | 08/10/2020 03:05 PM | Inbound | (201) 595-0578 | Jerseycity, NJ | 1:11 |
| 9 | 08/10/2020 12:24 PM | Inbound | (800) 692-1834 | Toll Free | 1:45 |

REDACTED PERSONAL IDENTIFIERS



PLAINTIFF'S
EXHIBIT
1 - A

1/1

Optimum Voice Call History

**Optimum Voice Call History Details for (201) 767-8153**
**Date Range 08/07/2020 - 12/04/2020 (selected rows)**
Total Number of Minutes: 21:42
Total Number of Calls: 11

| # | Date & Time | Type | Number | Location | Mins. |
|---|---|---|---|---|---|
| 1 | 11/03/2020 11:30 AM | Inbound | (201) 720-0637 | Leonia, NJ | 7:38 |
| 2 | 08/10/2020 05:24 PM | Inbound | (201) 231-4125 | Rutherford, NJ | 4:49 |
| 3 | 08/10/2020 05:14 PM | Inbound | (251) 278-0034 | Fairhope, AL | 0:12 |
| 4 | 08/10/2020 05:14 PM | Missed | (251) 278-0034 | Fairhope, AL | 0:00 |
| 5 | 08/10/2020 04:56 PM | Inbound | (201) 930-8220 | Park Ridge, NJ | 4:35 |
| 6 | 08/10/2020 04:13 PM | Inbound | (201) 817-9414 | Teaneck, NJ | 0:17 |
| 7 | 08/10/2020 03:27 PM | Inbound | (908) 280-9167 | Fanwood, NJ | 0:33 |
| 8 | 08/10/2020 03:12 PM | Inbound | (201) 829-5161 | Westwood, NJ | 0:17 |
| 9 | 08/10/2020 03:05 PM | Inbound | (201) 595-0578 | Jerseycity, NJ | 1:11 |
| 10 | 08/10/2020 12:24 PM | Inbound | (800) 692-1834 | Toll Free | 1:45 |
| 11 | 08/07/2020 02:33 PM | Inbound | (201) 581-8540 | Oakland, NJ | 0:25 |

REDACTED PERSONAL IDENTIFIERS

PLAINTIFF'S
EXHIBIT

1 - B



# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma | (201) 767-8153 | Bergen |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | |

| Office Address | Document Type |
|---|---|
| 940 Blanch Avenue | Complaint |
| Norwood, NJ 07648 | |
| | Jury Demand ☐ Yes ■ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard Zelma | Zelma vs. HealthMarkets LLC; a/k/a Health Markets Insurance Agency, Inc., Daron Robertson and BroadPath Inc., n/k/a BroadPath, LLC, a/k/a BroadPath Health Care |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case? ☐ Yes ■ No |
|---|---|---|
| 699 | ☐ Yes ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | Name of defendant's primary insurance company (if known) |
|---|---|
| ☐ Yes ■ No | ☐ None ■ Unknown |

### The Information Provided on This Form Cannot be Introduced into Evidence.

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship: |
|---|---|
| ☐ Yes ■ No | ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business |

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes ■ No |
|---|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? | If yes, please identify the requested accommodation: |
|---|---|
| ☐ Yes ■ No | |
| Will an interpreter be needed? | If yes, for what language? |
| ☐ Yes ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature:

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   DECEMBER 09, 2020
                    RE:     ZELMA RICHARD  VS HEALTH MARKETS LLC
                    DOCKET: BER L -007690 20


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


    THE PRETRIAL JUDGE ASSIGNED IS:  HON AVIS BISHOP-THOMPSON


    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 527-2600.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              RICHARD M. ZELMA
                              940 BLANCH AVENUE
                              NORWOOD         NJ 07648



JUBVAL1
```