UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHMARKETS INSURANCE AGENCY, INC., *et al.*, <br><br> Defendants. | Civil Action No. 2:21-cv-00771-KM-ESK |

## SUPPLEMENT BY BROADPATH AND DARON ROBERTSON TO JOINT STATUS LETTER

In light of the statements made by plaintiff in the filed joint status letter, and not previously seen by undersigned counsel, and in order to clarify the issues before the court, Defendants Daron Robertson ("Robertson") and BroadPath, Inc. n/k/a BroadPath, LLC a/k/a BroadPath Health Care ("BroadPath"), submit this supplement to the joint status and agenda letter pursuant to the Court's July 1, 2021 Text Order (ECF No. 41) and the April 21, 2021 Pretrial Scheduling Order (ECF No. 27, ¶1), in advance of the telephone status conference currently scheduled before Your Honor on Tuesday, July 13, 2021.

### A. Supplemental Statement from Defendants Robertson and BroadPath

BroadPath does not have "over-shore" or "overseas call centers" and did not make the calls alleged in Plaintiff's Amended Complaint and does not have any record of having made such calls. Plaintiff states in his portion of the joint status letter, in part, the following: "Returning a call to those numbers is impossible since they are not in service. Therefore, Mr. Paschos claims are wrong. Plaintiff could not have initiated calls that he claims." Plaintiff has provided all his recorded calls to counsel for HealthMarkets, which said counsel then sent to

counsel for BroadPath, and the only call where BroadPath is mentioned is the call of November 3, 2020 which was initiated by Mr. Zelma.

Further, Plaintiff's alleged November 3, 2020 call from agent "Daniel" does not even comport with Defendant BroadPath's role in the aforementioned project with HealthMarkets, and the only possible way Plaintiff could have received a call from Defendant BroadPath on that day would be if Plaintiff initiated the call himself. (*See Peura Declaration,* ¶ 6-7; *see also Amended Complaint,* ¶ 57-62.). **Further, as indicated Plaintiff provided recordings to HealthMarkets of the alleged calls and the November 3, 2020 recording was clearly initiated by Mr. Zelma.**

In terms of the prior settlement discussions, Mr. Zelma and all the defendants did engage in settlement discussions, but contrary to plaintiff's position, no settlement has been reached in this matter in light of the fact that Plaintiff had countered Defendants' global offer with a demand that Defendants rejected. Mr. Zelma and counsel for all the defendants discussed the possibility of settlement with Mr. Zelma on Monday, March 22, 2021. Following this call, Mr. Zelma send the following email on the same day at 6:08 PM, proposing a liquated damages clause as part of this counterproposal, which liquated damages provision would have allowed plaintiff to make unlimited and unfettered claims, all to the detriment of all of the defendants:

Tom:

Pleasure speaking with you today.

If it helps any, Liquidated Damages has similar but varying terms. In the instant matter, the below is language I've used for settlement language.

**Liquidated Damages.** From the date of execution set-forth herein, in the event Zelma receives in perpetuity, any calls which in any way promote, disseminate or represent the products or services of the defendants or any representatives of the defendants, (hereinafter; "the released parties"), Zelma, in lieu of commencing with litigation against the released parties and as a condition of settlement, agrees to accept a sum made certain in the amount of Seven Hundred

Fifty Dollars ($750.00) per each such occurrence/ document or call. Such agreement shall be considered Liquidated Damages. The agreed upon sum is based upon a single violation on a "per call" basis. If the subject call contains and is identified as having more then one such violation, the liquidated damages sum would be applicable to each such violation, as authorized under the TCPA. As example: a call in violation of the no call list which is introduced with a prerecorded message would contain two separate and distinct violations, resulting in an agreed upon liquidated damage agreement of $1500.00 per call.

One last issue. Settlement language often includes the named parties along with everyone's grandmother and distant relatives.

In order to have a clear and clean settlement, I only release the named parties and their respective counsel. In the event the client wants more, each additional entity other then those named in the caption will have to specifically identified.

Thanks. Talk soon.

On Wednesday, March 31, 2021 the following emails were exchanged with Mr. Zelma:

(The first email below, was sent by Mr. Zelma at 11:55 AM on March 31, 2021,

following the below email of the same date noted to be sent at 11:12 AM).

Thomas
I don't understand why they wouldn't accept my offer. Unless it was not understood or explained properly, it's actually better for the client. And no, it doesn't open them up to litigation, it prevents it.
If they want their terms, send me the draft so I can be sure to understand.


This electronic communication, including any attachments annexed hereto, is for the sole use of the intended recipient(s). It may contain private, confidential, inadmissible and/or privileged information. Unless instructed to the contrary, this communication and its contents are subject to Rule 408. Any unauthorized review, use, disclosure or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Mar 31, 2021, at 11:12 AM, Thomas Paschos <TPaschos@paschoslaw.com> wrote:

Richard, Good Morning. We took your counterproposal, along with your suggested liquidated damages language, back to our clients. The clients are concerned that your proposed liquidated damages clause will lead to more disputes, not less, and they are therefore not in a position to enter an settlement agreement containing such

01549701.DOCX

terms. Without a provision along those lines, our clients are no longer willing to resolve the case for $25,000. However, our clients are still willing to settle the case for $10,000 and standard terms, including a release and no admission of liability. Payment would be made promptly, thereby allowing the parties to resolve the case without the need for lengthy and costly discovery that will take months, if not years. Please let us know if you will agree or if you would like to discuss any of the proposed terms. Otherwise, we should move forward with a Joint Discovery Plan.

Tom

In addition, plaintiff claims in his portion of the joint status letter that "Two weeks later, Mr. Paschos called to say the client withdrew that offer. Under his breath, when asked, he claimed they had no intention of ever paying the settlement". This statement by plaintiff is not accurate, and I, Thomas Paschos, never stated to Mr. Zelma "they had no intention of ever paying the settlement".

**B.     Conclusion**

Plaintiff's ad hominem attacks upon the integrity of counsel of Defendants, BroadPath and Daron Robertson would not be tolerated, if they came from an attorney. We respectfully request that this Honorable Court caution this Pro Se Plaintiff to avoid any such language in future dealings with all the defendants and their counsel. We thank the Court for its consideration and assistance in this matter. We look forward to speaking with Your Honor at Tuesday's conference.

Respectfully submitted,

/s/ *Thomas Paschos*
Thomas Paschos
THOMAS PASCHOS & ASSOCIATES, P.C.
30 North Haddon Avenue, Suite 200
Haddonfield, NJ 08033
(856) 354-1900
tpaschos@paschoslaw.com

*Attorney for Defendants Daron Robertson and BroadPath, Inc. n/k/a BroadPath LLC, a/k/a BroadPath Health Care*